(No. 00145

IN RE APPLICATION OF PATRICIA A. MATHEZ.

*Opinion filed May 4, 1978.*

BARRY SHERMAN, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; VINCENT J. BISKUPIC, Special Assistant Attorney General, for Respondent.

PER CURIAM.

This claim arising out of the death of a fireman allegedly killed in the line of duty, seeks payment of compensation to the decedent's beneficiaries pursuant to the provisions of the "Law Enforcement Officers and Firemen Compensation Act," (hereafter, the Act), Ill. Rev. Stat., Ch. 48, Sec. 281 *et seq.,* 1975.

The Court has carefully considered the application

for benefits submitted on the form prescribed and furnished by the Attorney General; a written statement of the decedent's supervising officer; and a report by the Illinois Attorney General's Office which substantiates matters set forth in the application. Based upon these documents and other evidence submitted at a hearing on April 19, 1978, the Court finds that:

1. The Claimant, Patricia A. Mathez, is the widow of the decedent, and is the beneficiary who was designated by him.

2. The decedent, Yvan Mathez, age 45, was a volunteer fireman, of the rank of captain, of the Butterfield Fire Protection District and engaged in the active performance of his duties, within the meaning of Section 2(e) of the Act, on January 12, 1978.

3. On January 12, 1978, at approximately 1:20 a.m., Captain Mathez was summoned, from his home by fire department radio call to the fire station. Captain Mathez, in full firefighting uniform and equipment, rode in the fire department's pumper truck to a fire scene, one unit of the three unit townhouse. The residential unit was totally involved in flames. After about 90 minutes of assisting in combating the fire, Captain Mathez complained of chest pains and stated that he thought he might have taken too much smoke. He was given oxygen at the scene and taken to a hospital where he died at 3:30 a.m., the same date. The death certificate furnished recites the immediate cause of death as "acute occlusion of the right coronary artery," approximate interval between onset and death of "hours," due to or as a consequence of "coronary arteriosclerosis" with an approximate interval between onset and death of "years;" the death certificate adds "other significant conditions" as "possible smoke

inhalation." The evidence presented indicates that Captain Mathez's death was caused and precipitated by the active performance of the duties required of him as a member of the Butterfield Fire Protection District.

4. Captain Mathez was killed in the line of duty as defined in Section 2(e) of the Act.

5. The proof submitted in support of this claim satisfies all of the requirements of the Act and the claim is therefore compensable thereunder.

It is hereby ordered that the sum of $20,000.00 be awarded to Patricia A. Mathez, as widow and designated beneficiary of the deceased Captain Yvan Mathez.